UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                                         Chapter 11

Vandewater International, Inc.,                                  Case No. 21-14098-PDR

    Debtor.

_____/

**EMERGENCY APPLICATION TO EMPLOY
BRADLEY S. SHRAIBERG, ESQ. AND SHRAIBERG, LANDAU & PAGE, P.A.
AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**

\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\*

**Basis for Emergency Relief**

**The Debtor is a Florida corporation that cannot represent itself in the above-captioned chapter 11 case without counsel. The Debtor risks irreparable harm if it does not immediately employ general bankruptcy counsel.  As such, the Debtor requests that the Court schedule this application for hearing on an emergency basis on or before Friday, April 30, 2021 to be heard with the Debtor's emergency motion for authority to pay prepetition wages.**

    Vandewater International, Inc. (the "Debtor"), pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014, and Local Rules 2014-1(A) and 9075-1, requests authorization to employ Bradley S. Shraiberg, Esq. and the law firm of Shraiberg, Landau & Page, P.A. (together, "SLP") as general bankruptcy counsel effective as of the petition date.  In support, the Debtor states as follows:

    1.    On April 28, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code"). The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

2.  The Debtor is a Florida corporation specializing in the fire protection fitting business. Specifically, the Debtor offers customers a wide range of steel pipe fittings and valves used in fire protection sprinkler systems.

3.  The Debtor believes that it is in the best interest of its estate to retain SLP as general bankruptcy counsel. An executed copy of SLP's retainer letter is attached as **Exhibit A**.

4.  The attorneys of SLP have considerable experience in matters of this character and are qualified to practice in this Court and to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties. The professional services SLP will render are summarized as follows:

   a.  To advise the Debtor generally regarding matters of bankruptcy law in connection with this case;

   b.  To advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the case and U.S. Trustee Guidelines related to the daily operation of its business and administration of the estate;

   c.  To represent the Debtor in all proceedings before this Court;

   d.  To prepare and review motions, pleadings, orders, applications, adversary proceedings, and other legal documents arising in the case;

   e.  To negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, and assist the Debtor with implementation of any plan; and

   f.  To perform all other legal services for the Debtor, which may be necessary herein.

5.  SLP has agreed to perform said services at the following hourly rates: $275.00 for legal assistants and $350.00 to $600.00 for attorneys. The hourly rate of attorney Bradley S. Shraiberg is $600.00. The hourly rate of Joshua Lanphear is $350.00. Under the applicable provisions of the Bankruptcy Code, and subject to Court approval, the Debtors propose to pay

SLP the aforementioned standard hourly rates and reimburse SLP for expenses according to SLP's customary reimbursement policies.

6. The hourly rates discussed above are SLP's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis, to reflect, among other things, experience, and seniority.

7. Prior to the Petition Date, on January 28, 2021, the Debtor's President and 100% owner, Neil Ruebens, provided SLP with a $41,738.00 retainer as security for SLP representing the Debtor in this chapter 11 case, inclusive of the $1,738.00 filing fee.

8. Prior to the filing of the Debtor's voluntary petition, SLP incurred fees in the amount of $33,782.50 for 76.10 hours of legal services rendered to the Debtor prior to the Petition Date, including extensive communications with the Debtor, Mr. Reubens and Mr. Reubens' personal bankruptcy counsel,[1] preparation of all paperwork required to file this chapter 11 case including a complete set of bankruptcy schedules, and drafting the Debtor's joint plan of reorganization. Accordingly, prior to the filing of the Debtor's voluntary petition, SLP applied $33,782.50 of the $41,738.00 retainer.

9. Section 327(a) of the Bankruptcy Code permits the employment of professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons[.]" Section 101(14) of the Bankruptcy Code defines a "disinterested person" as, *inter alia*: (a) one who is not a creditor, equity security holder or insider; (b) one who is not, and was not within the two years preceding the petition date, a director, officer or employee of the debtor; and (c) one who does not have an interest materially adverse to the estate.

---

[1] On the Petition Date, the Debtor's President and 100% owner, Neil Reubens, filed his own voluntary chapter 11 petition, Case No. 21-14089-EPK, pending before this Court.

{2381/000/00518219}    3

10. As set forth in the affidavit of Bradley S. Shraiberg, Esq. attached as **Exhibit B** (the "Affidavit"), SLP does not hold or presently represent any parties with interests adverse to the Debtor's estate. SLP is also a disinterested person qualified to represent the Debtor.

11. The Debtor submits that this application and the accompanying Affidavit satisfy the requirements of Rule 2014 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, the Debtor respectfully requests entry of an order authorizing the retention of SLP as general bankruptcy counsel effective as of the Petition Date, and for such other and further relief as is equitable and just.

Respectfully submitted,

Vandewater International, Inc.

By: _____
Neil Reubens, President

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service on April 28, 2021.

        Respectfully submitted,

        **SHRAIBERG, LANDAU & PAGE, P.A.**
        Proposed Attorneys for the Debtor
        2385 NW Executive Center Drive, Suite 300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: bss@slp.law
        Email: jlanphear@slp.law

        By: */s/ Bradley S. Shraiberg*
            Bradley S. Shraiberg
            Florida Bar No. 121622
            Joshua Lanphear
            Florida Bar No. 125421

## Exhibit A

**Retainer Letter**

{2381/000/00518219}



SHRAIBERG,
LANDAU &
PAGE P.A.

Reply to:
Bradley S. Shraiberg
Direct: (561)443-0801
Email: bss@slp.law

January 25, 2021

Vandewater International, Inc.
Attn: Neil Ruebens
8551 W. Sunrise Blvd, Suite 204
Plantation, FL 33322

Re:  **Retention of Shraiberg, Landau & Page, P.A. in a Chapter 11 Bankruptcy as Debtor's Counsel**

Dear Mr. Ruebens:

We are very pleased that you have asked us ("Shraiberg, Landau & Page, P.A." or the Firm") to represent Vandewater International, Inc. (the "Client") with regard to the above-referenced matter. The Firm will represent the Client on an hourly fee basis. This letter and the Standard Hourly Fee Addendum ("Addendum") which is attached hereto and incorporated herein by reference constitutes the entire agreement between the Client and the Firm, describes the terms of our relationship, and sets forth the general terms of our assistance to you in connection with the above-referenced matter. While this letter is primarily intended to deal with the legal services provided by the Firm to the Client in connection with the matter referenced above, these terms and conditions will also apply to any additional legal services that the Client asks the Firm to provide in connection with this or any additional legal matter unless both the Client and the Firm agree in writing to change one or more of those terms or conditions. This letter and the Addendum shall control all obligations set forth herein except as may be subsequently agreed upon in writing.

I will be the primary attorney taking responsibility ("Attorney in Charge") for your legal matter. My current standard hourly rate is $600.00. With that said, the Firm makes every effort to utilize associates to draft documents and attend hearings whenever possible. Our associates and junior partners bill between $325.00 and $450.00 an hour. As you will note in the Addendum, our hourly rates are subject to change from time to time. As agreed, the Client will provide the Firm with a retainer in the amount of $40,000.00 and a cost retainer in the amount of $1,738.00. The Client understands and agrees that the Firm estimates that the fees and costs incurred in this case will most likely run in excess of the $41,738.00 total retainer. The $41,738.00 is not earned upon receipt and so long as the Client has not filed a bankruptcy (whereby the retainer would be subject to the bankruptcy court's jurisdiction) the Client may request the return of any portion of the unearned retainer.

In a Chapter 11 case, the Firm is prohibited from billing the client without first seeking Bankruptcy Court approval. Therefore, not only will you have an opportunity to review the Firm's bills prior to being invoiced, so will the creditors, the United States Trustee, and the Court. For your

January 25, 2021
Page 2

convenience, our office will provide you with a monthly statement, for informational purposes only, in order for you to track how much time the Firm spent on this matter during the prior month. To the extent the Firm's final fees are less than the balance of the client's retainer, after deducting outstanding costs, if any, the balance shall be returned to the Client at the conclusion of the matter.

It is imperative that you acknowledge that the Firm <u>does not</u> individually represent: (1) you; (2) any individual officer, director, manager or member of the Client; or (3) any newly formed entity that seeks to purchase the operating entity's assets (if applicable). The Firm recommends that you seek independent counsel with regard to your individual interests.

Like any litigation or transaction, it is impossible to predict what your adverse parties are going to file or do during this proceeding. Therefore, the fees incurred will most likely exceed the $41,738.00 total retainer. As previously stated, all fees are subject to bankruptcy court approval. By executing this agreement, you agree that the Firm has a right to withdraw from your case in the event that a contested issue arises and you refuse to provide an additional retainer. In the event that a bankruptcy trustee is appointed and/or this case converts to one under Chapter 7, the Client agrees that the Firm has a right to withdraw.

We will endeavor to serve the Client effectively and strive to represent its interests vigorously and efficiently. Any expressions on our part concerning the cost or outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Such opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

For us to provide these services most effectively, we require you to disclose fully and accurately all pertinent facts and keep us apprised of all developments in the matter. Please cooperate with us and be available to attend meetings, conferences, hearings, and other proceedings as appropriate.

Our Firm will provide legal services to you and bill you for those services in accordance with the attached Addendum. Please review this letter and the Addendum in their entirety. If you have any questions or concerns regarding the foregoing terms and conditions, or the terms of the Addendum, do not hesitate to contact me. **<u>Please acknowledge your understanding and approval of all the terms and conditions contained in this letter and the Addendum by signing and returning a copy of this letter to the undersigned together with a check for the retainer amount.</u>** We will begin our representation upon receipt of the executed copy of this letter and the retainer amount as stated above.

SHRAIBERG, LANDAU & PAGE, P.A.

By: _____
Bradley S. Shraiberg, Esq.

{4209/000/00516319}
2385 N.W. EXECUTIVE CENTER DRIVE, SUITE 300 · BOCA RATON, FLORIDA 33431
OFFICE 561-443-0800 · FAX 561-998-0047

January 25, 2021
Page 3

      All the terms and conditions contained in this letter and the Addendum have been **REVIEWED, ACKNOWLEDGED AND ACCEPTED** by Client this \_\_\_\_ day of January, 2021.

      Vandewater International, Inc.

By: _____*/s/ Neil Ruebens*_____
    Neil Ruebens

January 25, 2021
Page 4

## SHRAIBERG, LANDAU & PAGE, P.A.
## STANDARD HOURLY FEE ADDENDUM

   This Addendum sets forth the standards upon which the Firm will provide legal services to the Client and bill for those services. This Addendum accompanies a fee letter ("**Accompanying Letter**") addressed to a client or clients (jointly, severally and collectively, the "**Client**") and is part of the agreement between Shraiberg, Landau & Page, P.A. (the "**Firm**") and the Client. This Addendum is incorporated by reference into the Accompanying Letter. To the extent any terms in the Accompanying Letter conflict with this Addendum, the provisions in the Accompanying Letter shall control.

   1.  **PROFESSIONAL UNDERTAKING:** The Attorney in Charge will have primary responsibility for the Client's representation and may, in his or her sole discretion, utilize other attorneys and legal assistants in the Firm who can accomplish the work. If at any time the Client has any questions, concerns or criticisms concerning the utilization of other attorneys or legal assistants, or any other matters, the Client should contact the Attorney in Charge.

   2.  **FEES:** The Firm takes into account many factors in billing for services rendered, and the Attorney in Charge will review all invoices before they are issued to ensure that the amount charged is appropriate. The principle factor is usually the Firm's schedule of hourly rates, and most invoices for services are the product of the hours worked multiplied by the Firm's hourly rates then in effect at the time the work is performed.

   It is impossible to determine in advance how much time will be needed, since that depends on many things beyond our control. Any amounts we provide for the cost of all or part of our engagement are merely estimates.

   Our schedule of hourly rates for attorneys and other members of our professional staff is based on a combination of years of experience, specialization in training and practice, level of professional attainment, and overhead costs. Currently, our hourly rates range from $275.00 for legal assistants to $600.00 for our most senior partners. We review our schedule of hourly rates annually, and may revise them at that time. If we change our rates, the new rates will go into effect immediately without special notice to the Client. Upon request, we will provide a client with the rates of those professional staff working on an engagement prior to issuing our invoice.

   There may be circumstances where the work performed produces substantial value or a favorable result for the Client which may be far greater than originally anticipated. In such a situation, if the Firm and the Client then mutually agree, the Firm's fee could be greater than the hourly rates multiplied by the number of hours worked.

   3.  **COSTS:** It is usually necessary for us to incur, as agent for our clients, expenses for items such as filing fees, court reporter services, telephone conferencing services, deposition or hearing transcripts, travel, lodging, meals, substantial – out of the ordinary – photocopying volume and courier services. Many engagements also require substantial amounts of costly ancillary services, such as outside duplication services, trial graphics, imaging and data basing of documents and fee

{4209/000/00516319}

January 25, 2021
Page 5

based computerized legal research. The Client will be responsible for all of these types of costs (i.e., out of the ordinary or third-party costs) incurred on the Client's behalf. However, the Client will not be charged for routine internal costs, such as charges for long distance telephone calls, in-house routine photocopy services, faxes, valet parking, routine postage, etc. In order to allocate these expenses fairly and to keep our hourly rates as low as possible for those matters which do not involve such expenditures, these items are separately itemized on our statements as "costs advanced," "costs incurred," or "disbursements."

Major out-of-pocket expenses, including outside fees and expenses (such as experts, investigators, consultants, court reporters, etc.), will not be advanced by us unless special arrangements are made in advance. Said expenses will be billed directly or forwarded to the Client.

4.  **BILLING:** The Firm's invoices generally will be prepared and mailed during the month following the month in which services are rendered and costs advanced. The Firm's invoices are due for payment upon receipt of the invoice. When the Firm represents a client in litigation and a money judgment is obtained, the Firm may, at its option, take the Firm's outstanding fees and disbursements from the money judgment. If the Firm represents the Client on more than one matter, the Firm reserves the right to apply balances from one matter against other matters.

5.  **RETAINER:** It is the Firm's policy to require advance payments before the Firm renders services. The Firm's retainer will be the amount set forth in the Accompanying Letter. As the retainer is used by the Firm for payment of ongoing fees, the Client will replace it upon request. If this is a litigation matter, the Firm's obligation to continue rendering legal services and advancing this matter to trial is dependent upon: (a) the Client being 100% current on all outstanding fee and cost obligations for a period beginning thirty (30) days prior to the first day of trial and continuing through the first day of trial; and (b) the payment by the Client at least thirty (30) days prior to the first day of a trial of a retainer equal to the amount estimated by the Attorney in Charge that will be incurred by the Client in fees and costs for the duration of the trial. If either of the foregoing terms is not complied with, the Client agrees that the Firm has the right to immediately withdraw from further representing the Client. The Client hereby agrees to release the Firm from any further obligation to proceed or from any liability that may result should the Firm elect to withdraw, as set forth in this paragraph.

6.  **SECURITY FOR FEES AND COSTS:** Florida law provides the Firm with the right to impose a lien upon documents, money and other intangibles and materials coming into possession by the Firm to secure the payment of its fees and expenses. Client expressly grants the Firm with a lien on the retainer. This retaining lien, as well as appropriate charging liens, may be asserted by the Firm in appropriate circumstances.

7.  **EMPLOYMENT OF EXPERTS OR ADDITIONAL PROFESSIONALS:** In the event the Firm deems it necessary to employ additional experts or professionals with specialized skills (e.g., accounting, surveying, appraisals, environmental audits, etc.), then, after consultation with (and the consent of) the Client, additional experts or professionals may be employed by the Firm. The Firm will employ experts or professionals in the name of the Client or, at the discretion of the Firm, in the Firm's name on behalf of the Client. The Client is, in either event, responsible to pay the fees

January 25, 2021
Page 6

and costs of such experts or professionals in full upon receipt of the expert's or professional's statement. The Firm reserves the right to request and obtain an additional retainer to defray the fees and costs of experts or professionals employed in connection with a client matter. All fees and costs of additional experts or professionals shall be subject to the security, interest and other applicable provisions of this Standard Hourly Fee Addendum.

8. **PAYMENT BY OTHERS:** Sometimes another party agrees to pay our client's legal fees and costs, or a court may order our client's adversary to pay all or part of its legal fees and costs. However, in such case, the Client remains primarily liable for payment of all fees and costs. Any amounts received from others will be credited to the Client's account. The Firm has the right to receive the higher of an amount awarded by the court or its hourly fees.

9. **LATE PAYMENTS:** Payment of the Firm's billings is due upon receipt of the invoice. A monthly late fee or interest charge will be added for late payments of fees and/or costs. On the first day of each month, the balance of any invoice then unpaid for more than one (1) month will be subject to a charge of one and one-half percent (1-1/2%) per month. In no event will the rate be greater than permitted by applicable law. If invoices are not paid within the terms agreed between the Firm and the Client, the Firm will have the right to immediately withdraw from further representing the Client. The Client hereby agrees to release the Firm from any further obligation to proceed or from any liability that may result should the Firm elect to withdraw as set forth in this paragraph.

10. **NON-PAYMENT OF FEES AND COSTS:** In the event of failure to pay any statement rendered when due, you agree that we may cease all legal services on your behalf or immediately withdraw from further representing the Client. The Client hereby agrees to release the Firm from any further obligation to proceed or from any liability that may result should the Firm elect to withdraw as set forth in this paragraph.

11. **ATTORNEYS' FEES:** In the unlikely event that it is necessary to institute legal proceedings to collect the Firm's fees and costs, the Firm will also be entitled to a reasonable attorney's fee, paralegal fees and other costs of collection, even if such services and costs are provided by the Firm, including fees and costs for any arbitration, trial and appeal.

12. **TERMINATION:** The Client will have the right to terminate the Firm's representation at any time, but the provisions of the Accompanying Letter and this Standard Fee Addendum related to payment and collection of fees and disbursements shall survive any such termination. The Firm has a reciprocal right to terminate the Firm's representation, subject to its obligation to give the Client reasonable notice to arrange other representation.

13. **WAIVER:** A party's failure to insist on compliance or enforcement of any provision of this Agreement shall not affect the validity or enforceability or constitute a waiver of future enforcement of that provision or of any other provision of this Agreement by that party or any other party.

January 25, 2021
Page 7

14. **AMENDMENTS:** This Agreement may be amended at any time by mutual consent of the parties hereto, with any such amendment to be unenforceable unless in writing, signed by the Firm and the Client.

15. **APPLICABLE LAW:** This Agreement shall be governed for all purposes by the internal laws of the State of Florida, without regard to provisions applicable to conflict of laws. If any provision of this Agreement is declared void, such provision shall be deemed severed from this Agreement, and all other provisions shall remain in full force and effect.

16. **JURISDICTION AND VENUE:** Any dispute resolution proceeding arising from or relating to this Agreement shall be instituted only in Palm Beach County, Florida, the place where the Client agrees this Agreement shall be deemed to have been executed. Each party hereto submits to the exclusive jurisdiction of the State or Federal courts of the State of Florida.

**REVIEWED, ACKNOWLEDGED AND ACCEPTED** this 28 day of January, 2021.

Vandewater International, Inc.

By: _____
Neil Ruebens

## Exhibit B

**Affidavit**

{2360/000/00507256}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                              Chapter 11

Vandewater International, Inc.,                      Case No. 21- 14098-PDR

    Debtor.

_____/

**AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR**

Bradley S. Shraiberg, being duly sworn states:

    1.    My name is Bradley S. Shraiberg. I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida.

    2.    I am a Partner and Shareholder of Shraiberg, Landau & Page, P.A. ("SLP"), with offices located at 2385 N.W. Executive Center Drive, Suite 300, Boca Raton, Florida 33431.

    3.    I am familiar with the matters set forth herein and make this Affidavit in support of the Emergency Application to Employ SLP as General Bankruptcy Counsel (the "Application to Employ") filed by Vandewater International, Inc. (the, "Debtor").

    4.    Unless it otherwise states, this Affidavit is based upon facts of which I have personal knowledge. In preparing this Affidavit, I have reviewed a list of the Debtor's secured and unsecured creditors. I compared this information with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this Affidavit as to the relationship between other lawyers in our law firm and the Debtors, the Debtors' creditors and the United States Trustee, and other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict

check index system. Specifically, I have conducted a search of our firm's records and disseminated a request for information to all the attorneys in our firm regarding connections to the Debtor's creditors.

5. Our law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm and it is a regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining the information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6. Except as otherwise may be disclosed herein, a search of our firm's conflict check index system reveals that our firm does not presently represent any parties with interests adverse to the Debtor's estate.

7. The professional fees and costs incurred by SLP, incurred post-petition in the course of its representation of the Debtor, shall be subject in all respects to the application and notice requirements of sections 330 and 331 of the Bankruptcy Code and Rules 2014 and 2016 of Federal Rules of Bankruptcy Procedure.

8. The hourly rates for the attorneys at SLP range from $350.00 to $600.00. The hourly rate for Bradley S. Shraiberg, the primary attorney on this case, is $600.00. The hourly rate for Joshua Lanphear is $350.00. The hourly rate of the legal assistants at SLP are $275.00.

9. Prior to the filing of the Debtor's voluntary petition, on January 28, 2021, the Debtor's President and 100% owner, Neil Ruebens, provided SLP with a $41,738.00 retainer as security for SLP representing the Debtor in this chapter 11 case, inclusive of the $1,738.00 chapter 11 filing fee.

10. Also prior to the filing of the Debtor's voluntary petition, SLP incurred fees in the amount of $33,782.50 for 76.10 hours of legal services rendered to the Debtor prior to the Petition Date, including extensive communications with the Debtor, Mr. Reubens and Mr. Reubens' personal bankruptcy counsel,[1] preparation of all paperwork required to file this chapter 11 case including a complete set of bankruptcy schedules, and drafting the Debtor's joint plan of reorganization. Accordingly, prior to the filing of the Debtor's voluntary petition, SLP applied $33,782.50 of the $41,738.00 retainer.

11. There is no agreement of any nature, other than the partnership agreement of SLP, as to the sharing of any compensation to be paid to SLP.

12. No promises have been received by SLP, nor any partner or associate thereof, as to the compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

13. No attorney at SLP holds a direct or indirect claim or equity interest in any of the Debtors or has a right to acquire such interest.

14. Except as set forth herein, no attorney at SLP has had or presently has any connection with the Debtor's creditors on any matter in which the firm is to be engaged, except that I, our law firm, its partners and associates: (a) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (b) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

---

[1] On the Petition Date, the Debtor's President and 100% owner, Neil Reubens, filed his own voluntary chapter 11 petition, Case No. 21-14089-EPK, pending before this Court.

15. This concludes my declaration.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Bradley S. Shraiberg, Esq.

SWORN TO AND SUBSCRIBED before me this 28th day of April 2021, who is known to me.

_____
NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

PATRICIA A. MOUTON
MY COMMISSION # GG 985768
EXPIRES: May 24, 2024
Bonded Thru Notary Public Underwriters

Print Name: Patricia A. Mouton

Commission No. GG985768

My Commission Expires: 5/24/24

{2381/000/00518219}                            5